UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

YAHYA GOBA,

                   Defendant.

**DECISION AND ORDER**
02-CR-214S

## I. INTRODUCTION

Defendant Yahya Goba is one of six individuals arrested and charged in this district in September of 2002 with providing material support to a terrorist organization.  The defendants became nationally known as the Lackawanna Six.  With one exception, each defendant, including Goba, pled guilty to providing material support to a terrorist organization in violation of 18 U.S.C. § 2339B.  Goba entered his guilty plea on March 25, 2003, and this Court thereafter sentenced him to the statutory maximum term of imprisonment of 120 months on December 10, 2003.  Familiarity with previous proceedings is presumed.  See generally United States v. Goba, 240 F.Supp.2d 242 (W.D.N.Y. 2003); United States v. Goba, 220 F.Supp.2d 182 (W.D.N.Y. 2002).

Presently before this Court is the Government's Motion to Reduce Goba's sentence by 12 months pursuant to Rule 35(b)(2) of the Federal Rules of Criminal Procedure.  In support of its motion, the Government has filed the affidavit of lead prosecutor William J. Hochul, Jr., Chief of the National Security Division of the United States Attorney's Office for the Western District of New York.  Therein, Hochul describes the valuable assistance Goba has provided to the Government in a number of high profile and important terrorism prosecutions.  The Government's motion is further supported by a 23-page sealed

submission filed by Goba's lawyer, which further details Goba's significant cooperation.[1] This Court has carefully considered the parties' submissions and concludes that Goba has earned the sentence reduction requested by the Government.   Accordingly, the Government's motion is granted, and Goba's sentence is reduced from 120 months to 108 months.

## II.  DISCUSSION AND ANALYSIS

### A.      Rule 35(b): Reducing a Sentence for Substantial Assistance

Rule 35(b)(1) permits a court, upon the Government's motion within one year of sentencing, to reduce a defendant's sentence if he "provided substantial assistance in investigating or prosecuting another person; and reducing the sentence accords with the Sentencing Commission's guidelines and policy statements." Fed. R. Crim. P. 35(b)(1)(A) & (B).  If the Government's motion is made *more* than one year after sentencing, which is the case here, the defendant's substantial assistance must involve the following type of information:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing; but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the

---

[1]Consistent with United States v. Gangi, this Court provided Goba the opportunity to respond to the Government's motion.  45 F.3d 28, 32 (2d Cir. 1995) (holding that "a defendant must have an opportunity to respond to the government's characterization of his post-sentencing cooperation and to persuade the court of the merits of a reduction in sentence").

government after its usefulness was reasonably apparent to
the defendant.

Fed. R. Crim. P. 35(b)(2)(A)–(C).

The Second Circuit has held that Rule 35 motions are akin to those brought under
§ 5K1.1 of the United States Sentencing Guidelines, and should therefore be construed
similarly.  See United States v. Gangi, 45 F.3d 28, 31 (2d Cir. 1995) ("We are persuaded
that, due to similarity in language and function, § 5K1.1 should inform our construction of
Rule 35(b)."); see also United States v. Suarzo, No. 96 CR 450, 2000 WL 1558737, at *2
(S.D.N.Y. Oct. 18, 2000).   Both motions are premised on a defendant's substantial
assistance to the Government; the only practical difference is that Rule 35 rewards post-
sentencing assistance, while § 5K1.1 rewards assistance provided before sentencing.  See
Gangi, 45 F.3d at 30.  As such, the following factors are considered in evaluating a Rule
35 motion:

> (1) the court's evaluation of the significance and usefulness of
> the defendant's assistance, taking into consideration the
> government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any
> information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the
> defendant or his family resulting from his assistance;
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a); see also Gangi, 45 F.3d at 31.

**B.     Goba's Substantial Assistance**

Goba's substantial assistance is described in the publicly-filed Hochul affidavit.  But it should be clear that this Court has fully considered Goba's own submission as well, which fully describes Goba's cooperation efforts, and details the personal and familial sacrifices he has made to assist the Government.  Goba's submission is entirely consistent with the Hochul affidavit, but because it has been filed under seal, this Court will not recount its contents.[2]

Before and after sentencing, Goba cooperated with the Government.  (Hochul Aff., ¶ 5.)  He provided and continues to provide highly useful and valuable information, which the United States government and other governments have used to prosecute terrorism-related offenses.  (Hochul Aff., ¶ 5.)  For example, Goba has provided information and testimony in United States v. Sami al Hussayen (D. Idaho), United States v. Mohammed al-Moayad and Mohammad Zayed (E.D.N.Y.), United States v. Jose Padilla, et al. (S.D.Fla.), and Crown v. Jack Thomas (Australia).  (Hochul Aff., ¶¶ 5, 7.)  Goba also provided information and was publicly identified as a potential witness in a significant money transmitting case in this district — United States v. Mohamed Albanna (W.D.N.Y.) — that resulted in the entry of three guilty pleas immediately before jury selection.  (Hochul Aff., ¶ 8.)

Although Goba's plea agreement contains a cooperation provision, it does not require him to assist in foreign prosecutions, nor does it contemplate a reduction in his sentence based on cooperation.  (Hochul Aff., ¶¶ 4, 5.)  Goba's assistance in these cases

---

[2]The Government has, of course, been served with Goba's submission.  It has not objected or taken issue with the information contained therein.

has been completely voluntary, and has required that he be transferred between various federal and state prisons, including the federal facility in Florence, CO, where the Government specifically agreed it would not send him.  (Hochul Aff., ¶¶ 5, 6.)  Goba's cooperation has also resulted in him being held at times in 23-hour-per-day lockdown, and has severely restricted the contact he has had with his family.  (Hochul Aff., ¶ 6.)  In fact, the restrictions placed on Goba *because* he has cooperated have been more onerous than if he elected not to.  (Hochul Aff., ¶ 5.)  Nonetheless, knowing these consequences, Goba has consistently agreed to cooperate.  For that, the Government believes that a 12-month sentencing reduction is appropriate.  (Hochul Aff., ¶ 5.)

This Court concurs in the Government's assessment of Goba's assistance, and finds that he has provided significant, truthful information that has been useful in the Government's prosecution of others.  In this Court's view, the nature and extent of Goba's assistance, his willingness to testify at trial, and particularly the fact that his cooperation has been entirely voluntary and come at a heavy cost to himself and his family, warrants the 12-month sentence reduction requested by the Government.  Moreover, this Court specifically finds that Goba's assistance has been prompt, and that the information he has provided became useful to the Government more than one year after he was sentenced, thereby rendering the Government's motion timely under Fed. R. Crim. P. 35(b)(2).

### III.  CONCLUSION

For his voluntary cooperation and substantial assistance to the Government in prosecuting terrorism offenses, Goba has earned the 12-month sentence reduction requested by the Government.  His sentence will therefore be reduced from 120 to 108

months.

## IV.  ORDERS

IT HEREBY IS ORDERED, that the Government's Motion for Reduction of Sentence (Docket No. 285) is GRANTED.

FURTHER, that the Probation Office shall prepare an Amended Judgment of Conviction reducing the term of imprisonment to 108 months.  In all other respects the sentence remains the same.

FURTHER, that the Probation Office shall submit the Amended Judgment to this Court for review and signature by December 20, 2007.


Dated:        December 14, 2007
              Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

6